UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALISA WOLF, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>FUTURES EXPLORED, A CALIFORNIA CORPORATION, DBA "FUTURES EXPLORED, INC.", DBA "GOLDEN HILLS FILMS", et al.,<br><br>    Defendants. | Case No. 3:16-cv-03297-JD<br><br>**ORDER RE MOTION TO DISMISS AND MOTION TO STRIKE**<br><br>Re: Dkt. No. 34, 35 |

The operative complaint, Dkt. No. 32, brings four claims against defendants. Claims 1 and 2 allege copyright infringement. *Id.* at 14-19. Claims 3 and 4 allege violations of California's Unfair Competition Law ("UCL"), CAL. BUS. & PROF. CODE §§ 17200 *et seq.*, and interference with prospective economic relations. *Id.* at 19-23.

Plaintiff Wolf alleges that she is the registered copyright owner of two curricula titled "Practical Film Vocational Program for People with Developmental Disability" (the "program curriculum") and "Actors for Autism Practical Film Program Proposal" (the "practical film program"). *Id.* at 6-7. Claims 1 and 2 allege that defendants have published program guides infringing on Wolf's program curriculum and practical film program.

Defendant Futures Explored contends that plaintiffs have failed to state a claim because any substantial similarities between their guides and Wolf's curricula are generic. Dkt. No. 34 at 16. This is not persuasive. Plaintiffs have identified entire paragraphs in Wolf's program curriculum, as well as sentences and paragraphs in Wolf's practical film program, that are duplicated in Futures Explored's "Practical Film and Media Workshop" program. *See* Dkt. No. 32-2 at 3; Dkt. No. 32-4 at 4, 9; Dkt. No. 32-16 at 3, 10.

Claim 3 and 4 allege violations of California law based on the same facts as the copyright claim. In an effort to avoid preemption by the Copyright Act, *see Kodadek v. MTV Networks, Inc.*, 152 F.3d 1209 (9th Cir. 1998), plaintiffs allege that defendants have made "fraudulent misrepresentations, including inflating rates and records of attendance of their vendored film-making program." Dkt. No. 32 at 20, 22.

In our circuit, allegations of fraudulent conduct "sound in fraud" and must be pled with particularity under Rule 9(b). *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103-04 (9th Cir. 2003); *FTC v. D-Link Systems*, No. 17-cv-00039-JD, 2017 WL 4150873, at *1-*2 (N.D. Cal. Sept. 19, 2017). Claims 3 and 4 are inadequate under Rule 9(b) because they neither provide "the who, what, when, where and how of the misconduct charged," *Ebeid ex rel. United States v. Lungwitz*, 616 F.3d 993, 998 (9th Cir. 2010), nor show why those facts are known only to the defendants, *Concha v. London*, 62 F.3d 1493, 1503 (9th Cir. 1995).

## Conclusion

Claims 3 and 4 are dismissed without prejudice. The motion to dismiss is denied in all other respects. If plaintiffs would like to amend, they should file an amended complaint consistent with this order by **October 23, 2017.**

Futures Explored's motion to strike the operative complaint, Dkt. No. 35, is denied without prejudice. Futures Explored may renew its motion to strike after the deadline to amend passes.

**IT IS SO ORDERED.**

Dated: September 22, 2017

_____
JAMES DONATO
United States District Judge